**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BREAKING GLASS PICTURES, | ) | CASE NO. 1:13-cv-00804 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE LESLEY WELLS |
| v. | ) | |
| | ) | MAGISTRATE JUDGE GREG WHITE |
| DOES 1-99, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

This matter was referred to this Court for general pretrial supervision and disposition of a Motion to Quash Subpoena (ECF No. 5) that is now fully briefed.  (ECF No. 8.)

### I. Related Litigation

The above captioned case is part of a group of nine cases all filed the same day, April 1, 2013, by the same plaintiff, Breaking Glass Pictures, through the same counsel, Yousef M. Faroniya:

- 1:13-cv-00800-LW (Does 1-8, case still pending as of August 29, 2013) (no referral).

- 1:13-cv-00801-SO (Does 1-99, case still pending as of August 29, 2013) (no referral).

- 1:13-cv-00802-DCN (Does 1-99, case still pending as of August 29, 2013) (not referral).

- 1:13-cv-00803-LW (Does 1-99, case still pending as of August 29, 2013) (Report and Recommendation from M.J. Baughman that these cases be

>   consolidated and transferred to the docket of a single district judge).
>
> - 1:13-cv-00804-LW (Does 1-99) (the above captioned case).
>
> - 1:13-cv-00805-LW (Does 1-99, case still pending as of August 29, 2013) (Report and Recommendation from M.J. Baughman that these cases be consolidated and transferred to the docket of a single district judge).
>
> - 1:13-cv–00806-JG (Does 1-84, case dismissed without prejudice).
>
> - 1:13-cv-00807-JG (Does 1-19, case dismissed without prejudice).
>
> - 1:13-cv-00808-CAB (Does 1-26, case still pending as of August 29, 2013) (no referral).

Moreover, all the Complaints allege copyright infringement of a motion picture entitled "6 Degrees of Hell." The Complaints are all identical, though the exhibits attached identify different Internet Provider (IP) addresses associated with locations where alleged copyright infringement occurred.

As it stands, these nine actions are or were pending before five different district court judges with multiple referrals to magistrate judges. There is no indication that Plaintiff's counsel informed the Court that he was filing nine complaints that were virtually identical. Although the Court agrees with Magistrate Judge Baughman that conservation of judicial resources *and* consistency of rulings would have been best achieved by consolidating these cases from the outset, Plaintiff's counsel effectively deprived this Court of that opportunity. However, in the interest of consistency, as explained below, it is recommended that the opinion of District Judge Gwin in two of the related cases be adopted.

## II. Procedural History

This action was filed on April 10, 2013. (ECF No. 1.) On June 11, 2013, Plaintiff filed a Motion for Leave to Take Discovery Prior to Rule 26 Conference. (ECF No. 4.) Naturally, as

2

all ninety-nine (99) Defendants are unidentified John Does, there was no opposition to early discovery. On June 20, 2013, the motion was granted.

On July 30, 2013, non-party Buckeye CableSystem ("BCS") filed a motion to quash subpoena. (ECF No. 5.) Plaintiff filed a brief in opposition on August 1, 2013, to which BCS filed a reply on August 8, 2013. (ECF Nos. 6 & 7.) This matter was referred for general pretrial supervision on August 9, 2013, and expressly referenced the motion to quash. (ECF No. 8.)

### III. Factual Background

Based on the identical complaint filed in Case No. 1:13-cv-00806 and in the interests of judicial economy, the Court hereby adopts and incorporates the factual background from Judge Gwin's opinion in that case.

> Plaintiff alleges that Defendants violated U.S. copyright law by using BitTorrent to download the movie. BitTorrent is a program that enables users to share files via the internet. Unlike other "peer-to-peer" (P2P) file sharing networks that transfer files between users or between a user and a central computer server, BitTorrent allows for decentralized file sharing between individual users who exchange small segments of a file between one another until the entire file has been downloaded by each user. Each user that either uploads or downloads a file segment is known as a "peer." Peers that have the entire file are known as "seeds." Other peers, known as "leeches" can simultaneously download and upload the pieces of the shared file until they have downloaded the entire file to become seeds.
>
> Groups of peers that download and upload the same file during a given period are known as a "swarm," with each peer being identified by a unique series of alphanumeric characters known as a "hashtag" that is attached to each piece of the file. The swarm's members are relatively anonymous, as each participant is identifiable only by her Internet Provider (IP) address. Overseeing and coordinating the entire process is a computer or a server known as a "tracker" that
> maintains a record of which peers in a swarm have which files at a given time. In order to increase the likelihood of a successful download, any portion of the file downloaded by a peer is available to subsequent peers in the swarm so long as the peer remains online.

> But BitTorrent is not one large monolith. BitTorrent is a computer protocol, used by various software programs known as "clients" to engage in electronic file-sharing. Clients are software programs that connect peers to one another and distributes data among the peers. But a peer's involvement in a swarm does not end with a successful download. Instead, the BitTorrent client distributes data until the peer manually disconnects from the swarm. It is only then that a given peer no longer participates in a given BitTorrent swarm.

*Breaking Glass Pictures v. Does 1-84*, 1:13-cv-806, 2013 U.S. Dist. LEXIS 88984 (N.D. Ohio June 25, 2013) (citations and footnotes omitted) (Gwin, J.)

### IV. Analysis

Plaintiff alleges that each and every John Doe, by acting in concert through a "swarm" via a BitTorrent protocol, infringed on its intellectual property rights by downloading/uploading a movie entitled "6 Degrees of Hell." (ECF No. 1 at ¶¶4, 12-16.) Plaintiff justifies joinder of the unnamed Doe defendants because they allegedly participated in the same "Swarm Sharing Hash File."[1] (ECF No. 1 at ¶¶7-9.)

BCS asks the Court to quash the subpoena because: (1) its customers have been improperly joined as defendants, (2) the subpoena is improper under Civil Rule 45, and (3) the subpoena violates significant First Amendment protections afforded internet users. (ECF No. 5.) Plaintiff asserts, among other arguments, that joining the Defendants was proper. (ECF No. 6.) Despite the fact that Judge Gwin's decision in two of the identical cases referenced above found that joining the defendants was improper and severed Plaintiff's claims – a decision that both pre-dates Plaintiff's brief in opposition and which was also expressly mentioned in the motion to

---

[1] The "Swarm Sharing Hash File" is also the same in each related suit, except for Case Nos. 1:13-cv-00800, 1:13-cv-00807 and 1:13-cv-00808.

4

quash – Plaintiff has neglected to address Judge Gwin's analysis.[2]

**A. Permissive Joinder**

Pursuant to Federal Rule of Civil Procedure Rule 20 addressing the permissive joinder of parties:

> (a) Persons Who May Join or Be Joined.
>
> * * *
>
> (2) Defendants. Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

In assessing joinder under Rule 20, courts operate "in an area of considerable discretion." *Kuechle v. Bishop*, 64 F.R.D. 179, 180 (N.D. Ohio 1974); *accord Killer Joe Nevada, LLC v. Doe*, 2013 U.S. Dist. LEXIS 98111 (N.D. Ohio July 9, 2013); *Voltage Pictures, LLC v. Does 1-43*, 2013 U.S. Dist. LEXIS 63764 (N.D. Ohio May 3, 2013) ("[A] a district court nevertheless retains considerable discretion to sever defendants if it finds that the objectives of the rule are not fostered, or that joinder would result in prejudice, expense, or delay.") (*citing In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 U.S. Dist. LEXIS 61447, 2012 WL 1570765, at *11 (E.D.N.Y May 1, 2012), *report adopted by, Patrick Collins, Inc. v. Doe 1*, 288

---

[2] In fact, the Court is troubled by Plaintiff's counsel's failure to even acknowledge the existence of the adverse decision of Judge Gwin in the brief in opposition or its surreply. (ECF Nos. 6 & 9.)

F.R.D. 233 (E.D.N.Y. 2012)).

Plaintiff has not alleged facts to support the joinder of the ninety-nine John Doe Defendants. While courts are divided whether membership in the same swarm is sufficient to satisfy the requirements of Rule 20,[3] the Court agrees with Judge Gwin's analysis, which states as follows:

> Plaintiff's complaint says that "every John Doe infringer, in concert with its John Doe swarm members, is allowing others to steal" and that "each John Doe acts in an interactive manner with other John Does." Despite Plaintiff's statements, it is not at all clear that Defendants were part of the same transaction or occurrence. "Merely alleging that the Doe defendants all used the same file-sharing protocol, BitTorrent, to conduct copyright infringement of plaintiff's film without any indication that they acted in concert fails to satisfy the arising out of the . . . same series of transactions or occurrences requirement." Furthermore, a defendant's participation in a swarm does not mean that the defendant is always present and active in the swarm. Plaintiff's IP address exhibits indicate that Defendants accessed the swarm at different times, on different days, using different BitTorrent clients.[4] This suggests that Defendants were not wrapped up in a single factual occurrence.
>
> Beyond the joinder analysis, this Court is unconvinced that Plaintiff has even pleaded a *prima facie* case of copyright infringement. Here, Plaintiff provided only an IP address snapshot, and seeks to use that information alone to justify their suit. Given the nature of BitTorrent protocols, an individual could access the swarm, download a small piece of the copyrighted material that could be useless, and then leave the swarm without ever completing the download. To this end, the mere indication of participation weakly supports Plaintiff's conclusions.

---

[3] As explained in *Voltage Pictures, LLC v. Does 1-43*, 2013 U.S. Dist. LEXIS 63764 (N.D. Ohio May 3, 2013), courts both within and outside the Sixth Circuit have come to different conclusions on the same issue presently before the Court.

[4] Here too, Plaintiff's Exhibit indicates that Defendants, individually, accessed the swarm at various times during a three day span using a myriad of torrent clients. It is further unclear from the exhibit as to which, if any, of the Defendants accesses the swarm for any significant duration of time. (ECF No. 1-2.)

C. *Other factors*

Even if Plaintiff could meet the Rule 20(a)(2) factors for permissive joinder, this Court would nevertheless sever Defendants because joinder would otherwise deprive the Court of a just result. As noted above, courts can exercise discretion in weighing the effect of joinder on fundamental fairness. Permitting joinder of the unnamed defendants violates a sense of fairness, as each unnamed defendant might have different defenses to the suit, necessitating a mini-trial to fully present each defendant's specific evidence. In addition, joinder of dozens of defendants would extend trial proceedings and could serve to confuse the fact-finder. It is hard to imagine how dozens of defendants, most likely unfamiliar with civil litigation, would be able to appreciate their procedural rights in such a trial.

But BitTorrent suits usually never reach the trial stage because most BitTorrent litigation ends in an out of court settlement. The controversial practice of coercing settlement in other BitTorrent cases necessitates caution by this Court. It is no secret that many of these suits end after discovery and are "resolved without so much as an appearance by the defendant, usually through default judgment or stipulated dismissal." Courts have been troubled by what amounts to be a new business model employed by production companies "misusing the subpoena powers of the court, seeking the identities of the Doe defendants solely to facilitate demand letters and coerce settlement, rather than ultimately serve process and litigate the claims." This unseemly practice is made worse by the frequent practice of joining hundreds or thousands of defendants in a suit, saving plaintiffs tens of thousands of dollars in filing fees. It is in this environment where courts must take every caution to ensure that the keys to the doors of discovery are not blithely given to parties with other intentions.

Regardless of the dubious practices of others, Plaintiff may have legitimate claims which deserve litigation. Nevertheless, unnamed Defendants are improperly joined, and in order to continue with its claims, Plaintiff will need to pay the requisite filing fee per suit. Otherwise, Plaintiff has saved over $33,000 by consolidating its claims into one action. If Plaintiff seeks to use the powers of this Court to vindicate its rights, it must pay the requisite fees like every other Plaintiff.

*Breaking Glass Pictures v. Does 1-84*, 2013 U.S. Dist. LEXIS 88984 at *9-14 (citations and

footnotes omitted).

While another decision of the Northern District allowed discovery to go forward in a

similar case, it was observed as follows:

7

> The Court is also mindful of the concerns voiced by judicial officers, including a colleague in this judicial district, that some production companies have been "misusing the subpoena powers of the court, seeking the identities of the Doe defendants solely to facilitate demand letters and coerce settlements, rather than ultimately serve process and litigate the claims." *Night of the Templar*, 2013 U.S. Dist. LEXIS 51625, 2013 WL 1500454, at *3 (quoting *Third Degree Films*, 286 F.R.D. at 189-90); *SBO Pictures, Inc. v. Does 1-3036*, No. 11-4420, 2011 U.S. Dist. LEXIS 137361, 2011 WL 6002620, at *4 (N.D. Cal. Nov. 30, 2011) ("while the courts favor settlements, filing one mass action in order to identify hundreds of [D]oe defendants through pre-service discovery and facilitate mass settlement, is not what the joinder rules were established for") (internal quotation and citation omitted). Likewise, courts have accused plaintiffs who engage in this litigation of abusing Rule 20 joinder for the purpose of avoiding the payment of thousands of dollars in filing fees that would be required if the actions were brought separately. *See Safety Point*, 2013 U.S. Dist. LEXIS 48943, 2013 WL 1367078, at *3.
>
> Should the Court find that plaintiff has abused the process of joinder, the individual John Doe defendants may be entitled to—in addition to a severance—sanctions from plaintiff, under Rule 11 or 54 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or the Court's inherent powers. *See Malibu Media*, 2012 WL 7748917, at *9 (noting that John Doe defendants may be able to "collect some of their litigation costs" from plaintiff film company in the event that the copyright infringement action amounted to an abuse of civil process); *Malibu Media LLC v. John Does 1-16, John Does 1-14, John Does 1-22*, Civil Action Nos. 12-2078, 12-2084, 12-2088, 2012 U.S. Dist. LEXIS 143378, 2012 WL 4717893, at *9 (E.D. Pa. Oct. 3, 2012) ("Although the Court cannot prevent the parties from settling these claims, the Court assumes that [p]laintiff will welcome this opportunity to prove its claims promptly pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the copyright laws, which may, if [p]laintiff is successful, lead to an injunction enjoining the practices about which [p]laintiff complains. If [p]laintiff decides instead to continue to 'pick off' individual John Does, for confidential settlements, the Court may draw an inference that [p]laintiff is not serious about proving its claims, or is unable to do so.")) While the Court will not automatically hold plaintiff responsible for the alleged abuses of others in its industry, it will not hesitate to impose sanctions where warranted.

*Voltage Pictures, LLC v. Does 1-43*, 2013 U.S. Dist. LEXIS 63764, 13-15 (N.D. Ohio May 3, 2013).

This Court finds that Plaintiff's counsel has engaged in precisely such abusive activity.

Counsel has filed at least twenty-eight other similar actions in the Northern District of Ohio. Expedited discovery has been allowed to proceed in fifteen of those cases.  Notably, **not a single John Doe defendant has been served in *any* of these actions**.[5]  While discovery has been only recently permitted in some, Plaintiff's counsel had ample time to conduct the requested expedited discovery and serve named defendants in several cases but declined to do so.  *See, e.g.,* 12-cv-02832, *R and D Film 1, LLC v. Does 142-162* (expedited discovery permitted on March 1, 2013, but case dismissed after counsel failed to serve the complaint within the time allowed by law); 12-cv-02919, *R and D Film 1, LLC v. Does 174-269* (expedited discovery permitted on February 28, 2013, but case dismissed after counsel failed to serve the complaint within the time allowed by law); 1:12-cv-02929, *R & D Film 1, LLC v. Does 329-345* (same); 1:12-cv-02929, *R & D Film 1, LLC v. Does 346-363* (same); 13-cv-00463, *Voltage Pictures, LLC v. Does 1-24* (expedited discovery permitted on March 29, 2013, but no service as August 26, 2013); 13-cv-00464, *Voltage Pictures, LLC v. Does 1-11* (same); 13-cv-00465, *Voltage Pictures, LLC v. Does 1-43* (expedited discovery permitted on May 3, 2013, but no service as August 26, 2013); 1:13-cv-00595, *Thompsons Film, LLC v. Does 1-44* (expedited discovery permitted on April 26, 2013, but no service as August 26, 2013);  13-cv-00726, *DMN Films,*

---

[5]  *See* 1:2012-cv-02832-PAG; 1:2012-cv-02919-PAG; 1:2012-cv-02929-PAG;
1:2012-cv-02951-PAG; 1:2013-cv-00396-JG; 1:2013-cv-00397-SO;
1:2013-cv-00459-SO; 1:2013-cv-00460-LW; 1:2013-cv-00461-LW;
1:2013-cv-00463-JRA; 1:2013-cv-00464-JRA; 1:2013-cv-00465-SL;
1:2013-cv-00595-DCN; 1:2013-cv-00726-DAP; 1:2013-cv-00727-CAB;
1:2013-cv-00800-LW; 1:2013-cv-00801-SO; 1:2013-cv-00802-DCN;
1:2013-cv-00803-LW; 1:2013-cv-00804-LW; 1:2013-cv-00805-LW;
1:2013-cv-00806-JG; 1:2013-cv-00807-JG; 1:2013-cv-00808-CAB;
1:2013-cv-01037-CAB; 1:2013-cv-01038-JG; 1:2013-cv-01039-JG;
1:2013-cv-01040-DCN; and, 1:2013-cv-01041-CAB.

*LLC v. Does 1-34* (same). From this activity, it is apparent that Plaintiff, represented by same counsel as in the above cases, has no intention of actually litigating this matter.

Moreover, there are signs that Plaintiff's counsel is engaging in the kind of "litigation abuses" that the *Malibu Media LLC* decision expressed concerns about, namely that a plaintiff is using the court and the discovery process to "'pick off' individual John Does, for confidential settlements," while not being serious about proving its claims. *Malibu Media, LLC v. Doe,* 902 F. Supp. 2d 690 (E.D. Pa. 2012). Despite the presence of hundreds if not over a thousand Doe defendants in these cases collectively, it is curious that Plaintiff's counsel has either been unwilling, unable, or uninterested in identifying and serving a single defendant. At the same time, Plaintiff's counsel has on at least two occasions voluntarily dismissed individual defendants identified only by their John Doe number and corresponding IP address with prejudice. *See, e.g.*, 13-cv-00465, *Voltage Pictures, LLC v. Does 1-43* (ECF No. 8, notice of dismissal of John Doe 21); and, 13-cv-00726, *DMN Films, LLC v. Does 1-34* (ECF No. 6, notice of dismissal of John Doe 9).

## V. Conclusion

For the foregoing reasons, it is recommended that Plaintiff's claims be severed, and Plaintiff identify, within a reasonable amount of time set by the Court, which Defendant shall remain in the suit already filed. For these same reasons, the Court will grant non-party BCS's motion to quash subpoena (ECF No. 5) in a separate order.

/s/ Greg White
U.S. Magistrate Judge

Date: September 3, 2013

**OBJECTIONS**
  Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).