IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
                                                        : CASE NO.  1:13 CV 00804
BREAKING GLASS PICTURES,                                :
                                                        :
                                         Plaintiff,     : <u>MEMORANDUM AND ORDER</u>
                                                        :
                   -vs-                                 :
                                                        :
                                                        :
DOES 1-99,                                              :
                                                        :
                                         Defendants.
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This matter was referred to United States Magistrate Judge Greg White for general pretrial supervision and disposition of a motion to quash. On 3 September 2013, the Magistrate Judge granted the motion and issued a report and recommendation advising the Court to sever the plaintiff's claims. The Magistrate Judge further recommended that the plaintiff be ordered to notify the Court which defendant shall remain in the case. The plaintiff has not objected. Therefore, and for the reasons that follow, the recommendation is accepted. The plaintiff's claims are severed, and the plaintiff is ordered to notify the Court on or before 14 October 2013 as to which defendant shall remain in the case.

**I. Discussion**

In April 2013, the plaintiff Breaking Glass Pictures filed this case and eight others in the Northern District of Ohio, alleging copyright infringement of a motion picture

entitled "6 Degrees of Hell" ("Motion Picture"). Plaintiff's counsel is the same in each case, and the complaints are identically pled. The nine cases were assigned to five different district court judges, and the progress in each case has varied. Seven of the cases remain open at various stages of litigation, and two were dismissed without prejudice.

In each case, the plaintiff alleges that the defendants infringed on the plaintiff's intellectual property rights by illegally transferring copies of the Motion Picture through the use of an interactive "peer-to-peer" ("P2P") file sharing protocol called BitTorrent. The BitTorrent protocol allows internet sharing of computer files through what is known as a "swarm," whereby individual participants share bits and pieces of a particular file until the entire file is downloaded. This process occurs with a certain degree of anonymity, as members of the swarm are identified only by an internet protocol ("IP") address. Consequently, none of the complaints identify any particular defendant, and no defendant has been served to date. The complaints differ only with respect to the IP addresses associated with the BitTorrent users who allegedly shared copies of the Motion Picture.

On 11 June 2013, the plaintiff filed a motion for leave to take discovery prior to the Rule 26 conference, in an effort to identify the Doe defendants. (Doc 4). The motion was granted, and the plaintiff thereafter served a subpoena on non-party Buckeye CableSystem, seeking the names, addresses, email addresses and media control, and other information of Buckeye's customers who had allegedly infringed the plaintiff's copyright. On 30 July 2013, Buckeye filed a motion to quash the subpoena. Once briefing was complete, the case was referred to United States Magistrate Judge Greg

White for pretrial supervision and disposition of the motion to quash.

On 3 September 2013, Magistrate Judge White granted Buckeye's motion to quash and recommended that the plaintiff's claims be severed, because the defendants were improperly joined under Fed. Rule Civ. Proc. 20. The Magistrate Judge further recommended that the plaintiff be ordered to identify, within an amount of time to be set by the Court, which defendant shall remain in the suit.

This course of action was recommended in light of Judge James S. Gwin's reasoning in two of the other <u>Breaking Glass</u> cases. Judge Gwin concluded on identical facts that the defendants were improperly joined, pursuant to Federal Rule of Civil Procedure 20. <u>See Breaking Glass Pictures v. Does 1-84</u>, Case. No. 1:13-cv-806 (N.D. Ohio 25 June 2013). Rule 20 allows joinder of defendants in one action if "any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). Against this standard, Judge Gwin reasoned as follows:

> Plaintiff's complaint says that "every John Doe infringer, in concert with its John Doe swarm members, is allowing others to steal" and that "each John Doe acts in an interactive manner with other John Does." Despite Plaintiff's statements, it is not at all clear that Defendants were part of the same transaction or occurrence. "Merely alleging that the Doe defendants all used the same file-sharing protocol, BitTorrent, to conduct copyright infringement of plaintiff's film without any indication that they acted in concert fails to satisfy the arising out of the . . . same series of transactions or occurrences requirement." Furthermore, a defendant's participation in a swarm does not mean that the defendant is always present and active in the swarm. Plaintiff's IP address exhibits indicate that Defendants accessed the swarm at different times, on different days, using different BitTorrent clients. This suggests that Defendants were not wrapped up in a single factual occurrence.
>
> Beyond the joinder analysis, this Court is unconvinced that Plaintiff has even pleaded a prima facie case of copyright infringement. Here, Plaintiff provided only an IP address snapshot, and seeks to use that information to justify their suit.

> Given the nature of BitTorrent protocols, an individual could access the swarm, download a small piece of the copyrighted material that could be useless, and then leave the swarm without ever completing the download. To this end, the mere indication of participation weakly supports Plaintiff's conclusions.

Breaking Glass Pictures v. Does 1-84, Case No. 1:13-cv00806, at 6 (N.D. Ohio 25 June 2013) (citations omitted). Magistrate Judge White recommended that the Court adopt this reasoning and sever the plaintiff's claims.

Pursuant to 28 U.S.C. § 636, this Court reviews de novo those portions of the report and recommendation to which objection is made. In this instance, no objections have been filed, and the Court concludes, in accordance with the reasoning set forth in Judge Gwin's opinion, that the plaintiff's complaint fails to allege facts that would support a proper joinder of defendants pursuant to Fed. R. Civ. P. 20(a). The Magistrate Judge's recommendation is accordingly accepted.

**II. Conclusion**

For the reasons stated above, the plaintiff's claims are severed. The plaintiff is ordered to notify the Court on or before 14 October 2013 as to which defendant shall remain in the case.

IT IS SO ORDERED.

      /s/ Lesley Wells
    UNITED STATES DISTRICT JUDGE

Date: 4 October 2013